IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATELEY ASSOCIATES LLC and<br>PATELEY ASSOCIATES,<br><br>      Plaintiffs,<br><br>v.<br><br>PITNEY BOWES INC.,<br><br>      Defendant. | )<br>)<br>)<br>) Misc. No. 09-134-SLR<br>)<br>)<br>) (Civ. No. 3:08-CV-01607)<br>) (Case Pending in the Dist. of Conn.)<br>)<br>) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of December, 2009, having reviewed defendant's motion to compel non-party Hirey Realty Corporation ("Hirey") to respond to a subpoena; and Hirey's having failed to respond either to the subpoena or to the motion;

IT IS ORDERED that, on or before **December 14, 2009** at **4:30 p.m.** in courtroom 6B, sixth floor J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware, Hirey shall appear and show cause why it should not be held in contempt for failure to comply with the subpoena issued from this court on July 21, 2009, for the reasons that follow:

1. **Introduction.** Defendant Pitney Bowes Inc. ("defendant") has filed a motion to compel a non-party, Hirey, to respond to a subpoena issued out of the United States District Court for the District of Delaware. (D.I. 1) The subpoena requires Hirey to produce documents related to defendant's on-going suit against plaintiffs Pateley Associates LLC, a Delaware limited liability company, and Pateley Associates, a

Connecticut limited partnership, (collectively, "plaintiffs"), which is being litigated in the United States District Court for the District of Connecticut.[1] (*Id.* at 1; D.I. 2 at 2) The court is hearing this motion pursuant to Federal Rule of Civil Procedure 45 ("Rule 45").

2. **Background.** On July 21, 2009, this court issued a subpoena ordering Hirey to produce documents in connection with defendant's pending suit with plaintiffs. (D.I. 2, ex. 1) The subpoena seeks documents related to Hirey's interest in real property that is at the center of plaintiffs' action against defendant. (D.I. 2 at 1, 2) The date for complying with the subpoena was set for August 4, 2009. (D.I. 2, ex. 1) Defendant alleges that Hirey has yet to produce any of the requested documents or file a motion to modify or quash the subpoena. (D.I. 2 at 2) Defendant files this motion, requesting that the court: (1) enter an order compelling Hirey to comply with the court's July 21, 2009 subpoena; and (2) grant defendant attorney fees and costs incurred in connection with filing the present motion. (D.I. 1 at 1)

3. **Standard of review.** Rule 45(e) provides that the court may "hold in contempt a person who, having been served, fails without adequate excuse to obey [its] subpoena." Other courts have held that

> [a]bsent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued. Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena.

---

[1] Plaintiffs brought claims against defendant under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., and various state laws. (D.I. 1 at 1)

2

*Feltman v. Granite State Ins. Co.*, 2008 WL 630282, at *3 (Bankr. D. N.J. Mar. 5, 2008) (quoting *Beruashvili v. Hobart Corp.*, 2006 WL 2289199, *1 (E.D.N.Y. Aug. 8, 2006) (citations omitted)). Courts have also imposed sanctions in the form of attorney fees upon persons who fail to comply with a valid subpoena. *See id.* at *4 (citing *First Indem. of America Ins. Co. v. Shinas*, 2005 WL 3535069 (S.D.N.Y. Dec. 23, 2005)).

4. **Discussion.** Defendant requests an order compelling Hirey to comply with the court's July 21, 2009 subpoena. (D.I. 1 at 1) The date for complying with the subpoena was set for August 4, 2009. (D.I. 2, ex. 1) To date, Hirey has neither complied with the subpoena nor otherwise responded to these proceedings.[2] (D.I. 2 at 2, 4) Pursuant to Rule 45(e), the court may hold Hirey in contempt for failing to obey its subpoena. Therefore, the court will grant defendant's motion to compel compliance with its July 21, 2009 subpoena and compel Hirey to appear before the court on or before December 14, 2009 at 4:30 p.m. and show cause why it should not be held in contempt.

5. Although the court may impose attorney fees and court costs upon Hirey for failure to comply with its subpoena, the court will first require Hirey to appear before the court and show cause why it should not be held in contempt before imposing any sanctions. Defendant's request for attorney fees and court costs, therefore, is stayed pending further order of the court.

---

[2]Plaintiffs have also failed to respond to these proceedings.

IT IS FURTHER ORDERED that a failure to appear or to otherwise respond to this order shall result in a finding of contempt and the payment of defendant's attorney fees and costs incurred in connection with filing the instant motion.

> _____
> United States District Judge